**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Harris S. Freier, Esq.
John C. Petrella, Esq., admitted *pro hac vice*
Attorneys for Defendants,
Skanska USA Inc. and
Skanska USA Civil Northeast, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLANGE MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>SKANSKA USA INC. *and* SKANSKA USA CIVIL NORTHEAST INC.,<br><br>Defendants. | Civil Action No.<br>15-cv-4618-RA-SN<br><br>**DEFENDANTS SKANSKA USA INC. AND SKANSKA USA CIVIL NORTHEAST INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Defendants Skanska USA Inc., with its primary place of business at 350 Fifth Avenue, 32nd Floor, New York, New York 10118 ("Skanska USA") and Skanska USA Civil Northeast Inc., with its primary place of business at 75-20 Astoria Boulevard, Suite 200, Queens, New York 11370 ("Skanska NE") (collectively, "Defendants"), through their counsel, Genova Burns LLC, by way of their First Amended Answer to the First Amended Complaint and Jury Demand by Plaintiff, Solange Martinez ("Plaintiff"), hereby state as follows:

## AS TO PRELIMINARY STATEMENT

1.  Defendants admit that Plaintiff purports to bring this action as alleged in Paragraph 1 of the First Amended Complaint, pursuant to the statutes cited and admits that this Court has jurisdiction, but denies that there is any basis in fact or law for the allegations contained therein.

## AS TO "JURISDICTION AND VENUE"

2.  Defendants admit that Plaintiff purports to bring this action as alleged in Paragraph 2 of the First Amended Complaint, pursuant to the statutes cited and admits that this Court has jurisdiction, but denies that there is any basis in fact or law for the allegations contained therein.

3.  Defendants admit that Plaintiff purports to bring this action as alleged in Paragraph 3 of the First Amended Complaint, pursuant to the statutes cited and admits that this Court has jurisdiction, but denies that there is any basis in fact or law for the allegations contained therein.

4.  Defendants admit that Plaintiff purports to bring this action as alleged in Paragraph 4 of the First Amended Complaint, pursuant to the statutes cited and admits that this Court has jurisdiction, but denies that there is any basis in fact or law for the allegations contained therein.

5. Except to admit that the EEOC issued a Right-to-Sue Letter dated April 7, 2015, related to Plaintiff's claims of sex discrimination, national origin discrimination, and retaliation, and that Plaintiff's Complaint was filed on June 15, 2015, Defendants deny the remaining allegations set forth in Paragraph 5 of the First Amended Complaint.

## AS TO "TRIAL BY JURY"

6. Defendants admit that Plaintiff requests a jury trial in this matter, but denies that there is any basis in fact or law for the allegations contained in the First Amended Complaint.

## AS TO "PARTIES"

7. Defendants are without sufficient knowledge or information to form a belief as to Plaintiff's address, and leave Plaintiff to her proofs.

8. Defendants admit the allegations set forth in Paragraph 8 of the First Amended Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the First Amended Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the First Amended Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the First Amended Complaint.

## AS TO "STATEMENT OF FACTS"

12. Except to admit that upon information and belief, Plaintiff is a female, Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 12 of the First Amended Complaint, and leave Plaintiff to her proofs.

13. Defendants are without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the First Amended Complaint, and leave Plaintiff to her proofs.

14. Defendants admit the allegations set forth in Paragraph 14 of the First Amended Complaint.

15. Defendants admit the allegations set forth in Paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of the First Amended Complaint.

### As to "Equal Pay Act Claim"

17. Defendants deny the allegations set forth in Paragraph 17 of the First Amended Complaint.

18. Except to admit that Plaintiff earned $53,996.80 per year when she started in October of 2008, Defendants deny the remaining allegations set forth in Paragraph 18 of the First Amended Complaint.

19. Defendants are without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19 of the First Amended Complaint, as Mr. Padilla was never employed by Defendants. Defendants leave Plaintiff to her proofs.

20. Defendants are without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20 of the First Amended Complaint, as Mr. Padilla was never employed by Defendants. Defendants leave Plaintiff to her proofs.

21. Defendants deny the allegations set forth in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Except to admit that Plaintiff received raises each year of her employment and earned $63,000 per year at the end of her employment in November of 2013, Defendants deny the remaining allegations set forth in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the First Amended Complaint.

### As to "Hostile Work Environment, Sexual Harassment, and Retaliation Claims"

27. Defendants deny the allegations set forth in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the First Amended Complaint.

30. Except to admit that Aeran Doron is not Hispanic, Defendants deny the allegations set forth in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the First Amended Complaint.

36. Defendants are without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 36 of the First Amended Complaint, and leave Plaintiff to her proofs.

37. Defendants are without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 37 of the First Amended Complaint, and leave Plaintiff to her proofs.

38. Except to admit that Plaintiff conveyed to George Alarcon that an electrician named "Steve" allegedly said "Hello problem," to Plaintiff, Defendants deny the remaining allegations set forth in Paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the First Amended Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the First Amended Complaint.

48. Except to admit that Nicholas Baldassarre conducted a Clarity Net Training at his desk on June 28, 2013, and that when Plaintiff commented that there were no seats, another employee patted his lap and said that Plaintiff could sit on it, and that that employee was suspended from the job site for a week, and that the employee never returned to the office, Defendants deny the remaining allegations set forth in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the First Amended Complaint.

50. Except to admit that Michael Attardo, Nir Golan, and Norman Hirsch requested a meeting with Plaintiff upon learning that she was upset by the incident at the Clarity Net Training, and Plaintiff requested to be relocated to a different project, Defendants deny the remaining allegations set forth in Paragraph 50 of the First Amended Complaint.

51. Except to admit that the employee was suspended from the job site for a week, and that the employee never returned to the office, Defendants deny the remaining allegations set forth in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the First Amended Complaint.

55. Except to admit that Maggie Gaon met with Plaintiff on November 8, 2013, and that Plaintiff's employment was terminated because of Plaintiff's conduct, Defendants deny the remaining allegations set forth in Paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the First Amended Complaint.

### AS TO "CLAIMS FOR RELIEF"

### AS TO "FIRST CAUSE OF ACTION
### Gender and National Origin Discrimination in Violation of Title VII, 42 U.S.C. § 2000e *et seq.*"

58. Defendants repeat and re-allege the responses set forth in this Answer as if set forth at length herein as their answer

to Paragraph 58 of the First Amended Complaint.

59. Defendants admit that Plaintiff purports to bring a claim under Title VII and admits that this Court has jurisdiction, but deny that there is any basis in fact or law for the allegations contained therein.

60. Defendants deny the allegations set forth in Paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the First Amended Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the First Amended Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the First Amended Complaint.

**AS TO "SECOND CAUSE OF ACTION"**
**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e et seq."**

64. Defendants repeat and re-allege the responses set forth in this Answer as if set forth at length herein as their answer to Paragraph 64 of the First Amended Complaint.

65. Defendants admit that Plaintiff purports to bring a claim under Title VII and admits that this Court has jurisdiction, but deny that there is any basis in fact or law for the allegations contained therein.

66. Except to admit that Plaintiff complained about an

incident at the Clarity Net Training, Defendants deny the remaining allegations set forth in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the First Amended Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the First Amended Complaint.

69. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

### AS TO "THIRD CAUSE OF ACTION"
### Gender, Race, and National Origin Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*"

70. Defendants repeat and re-allege the responses set forth in this Answer as if set forth at length herein as their answer to Paragraph 70 of the First Amended Complaint.

71. Defendants admit that Plaintiff purports to bring a claim under NYCHRL and admits that this Court may exercise supplemental jurisdiction, but deny that there is any basis in fact or law for the allegations contained therein.

72. Defendants deny the allegations set forth in Paragraph 72 of the First Amended Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the First Amended Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the First Amended Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the First Amended Complaint.

### AS TO "FOURTH CAUSE OF ACTION"
### Retaliation in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq."

76. Defendants repeat and re-allege the responses set forth in this Answer as if set forth at length herein as their answer to Paragraph 76 of the First Amended Complaint.

77. Defendants admit that Plaintiff purports to bring a claim under NYCHRL and admits that this Court may exercise supplemental jurisdiction, but deny that there is any basis in fact or law for the allegations contained therein.

78. Defendants deny the allegations set forth in Paragraph 78 of the First Amended Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the First Amended Complaint.

80. Defendants deny the allegations set forth in Paragraph 80 of the First Amended Complaint.

### AS TO "FIFTH CAUSE OF ACTION
### Unequal Pay in Violation of the FLSA, 29 U.S.C. § 206"

Defendants are moving to dismiss Count V of Plaintiff's First Amended Complaint alleging unequal pay in violation of

FLSA. Defendants will provide an Answer to this Count if the claims are not dismissed with prejudice.

## AS TO "SIXTH CAUSE OF ACTION
## Unequal Pay in Violation of NYLL, New York Labor Law § 194"

Defendants are moving to dismiss Count VI of Plaintiff's First Amended Complaint alleging unequal pay in violation of NYLL. Defendants will provide an Answer to this Count if the claims are not dismissed with prejudice.

## AS TO "SEVENTH CAUSE OF ACTION
## Race Discrimination in violation of the Civil Rights Act, 42 U.S.C. § 1981"

89. Defendants repeat and re-allege the responses set forth in this Answer as if set forth at length herein as their answer to Paragraph 89 of the First Amended Complaint.

90. Defendants admit that Plaintiff purports to bring a claim under 42 U.S.C.A. § 1981 and admits that this Court has jurisdiction, but deny that there is any basis in fact or law for the allegations contained therein.

91. Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the First Amended Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the First Amended Complaint.

94. Defendants deny the allegations set forth in Paragraph

13

94 of the First Amended Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the First Amended Complaint.

## AS TO "REQUEST FOR RELIEF"

Defendants demand dismissal of Plaintiff's First Amended Complaint with prejudice, costs, attorneys' fees, and such other relief as this Court deems just and reasonable.

## SEPARATE DEFENSES

### GENERAL DENIAL

Defendants deny each and every allegation in the First Amended Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff's employment was taken for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Defendants expressly deny any liability to Plaintiff. Plaintiff's claims are barred, in whole or in part, due to her failure to exercise proper and reasonable diligence to mitigate her damages, or in the alternative, the damages claimed are limited to the extent that Plaintiff has failed to mitigate them.

### SIXTH AFFIRMATIVE DEFENSE

Any and all damages sustained were the result of the acts of third persons, over whom Defendants exercised no control and for whose actions Defendants are not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants took no actions, intentional or otherwise, to cause Plaintiff's alleged emotional distress.

### EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, because Defendants had in place corrective or preventative measures to remedy discrimination and harassment in the workplace and Plaintiff failed to utilize such measures.

### NINTH AFFIRMATIVE DEFENSE

In the event that Plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decision that she challenges (which Defendants deny), she is not entitled to money damages, reinstatement or other relief because Defendants would have taken the same actions in the absence of any impermissible factor, and accordingly are not liable to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by virtue of Plaintiff's misconduct, evidence of which was

acquired by Defendants after Plaintiff's termination.

### ELEVENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by Plaintiff's failure to satisfy, exhaust, and/or comply with the necessary statutory and/or administrative prerequisites prior to the commencement of this action.

### TWELTH AFFIRMATIVE DEFENSE

Defendants are not liable for any averred actions or omissions on the part of its employees and/or agents insofar as such employees and/or agents were not acting within the scope of employment/agency, and/or their actions were contrary to Defendants' good faith efforts to comply with the anti-discrimination and other applicable laws and guidelines.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any pay differential between Plaintiff and other male employees was based on seniority, merit, quantity or quality of production, or a factor other than sex.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was paid the same amount of money as comparable male employees of Defendants for performing equal work, requiring equal skill, effort and responsibility, under similar working conditions.

### FIFTEENTH AFFIRMATIVE DEFENSE

While specifically denying that any male employees of

Defendants were paid more than Plaintiff for performing equal work, requiring equal skill, effort and responsibility, under similar working conditions, any alleged violation was not willful.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not adequately plead a claim of unequal pay under either the FLSA or the NYLL, as both statues require that Plaintiff is required to make more than bare assertions than that she was paid less than male employees performing substantially equal jobs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend this First Amended Answer and to assert additional defenses and/or supplement, alter or change the First Amended Answer upon completion of appropriate investigation and discovery.

**GENOVA BURNS LLC**
Attorneys for Defendants,
Skanska USA Inc. and
Skanska USA Civil Northeast, Inc.

By: /s/ Harris S. Freier
      HARRIS S. FREIER

DATED: September 22, 2015